IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-00507-BO

| | | |
|---|---|---|
| DENNIS-WILLIAM IRVING : | | |
| Plaintiff : | | |
| : | | |
| v. : | MEMORANDUM & | |
| : | RECOMMENDATION | |
| FIDELITY MANAGEMENT AND : | | |
| RESEARCH : | | |
| Defendant : | | |

    This cause comes before the Court for frivolity review of this pro se action brought by Plaintiff Dennis Irving. Pursuant to 28 U.S.C. § 636(b)(1), this case has been referred to the undersigned to conduct frivolity review in accordance with 28 U.S.C. § 1915. Plaintiff had previously filed a complaint which the Court concluded lacked sufficient specificity and ordered him to particularize. ([DE 6](#)). For the reasons that follow, the undersigned RECOMMENDS that the complaint be found insufficient to survive review.

    Notwithstanding any filing fee paid, the court may review the complaint and dismiss any case that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). *Erickson*, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521

F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009). It is well-established that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Hence, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In the instant complaint, Plaintiff alleges that defendant has "breached the contract that is in relation to Plaintiff['s] cusip[1] number" and seeks the return of 6.4 billion dollars.

---

[1] CUSIP stands for Committee on Uniform Securities Identification Procedures. A CUSIP number identifies most securities, including: stocks of all registered U.S. and Canadian companies, and U.S. government and municipal bonds. The CUSIP system—owned by the American Bankers Association and operated by Standard & Poor's—facilitates the clearing and settlement process of securities. *See* http://www.sec.gov/answers/cusip.htm

It further avers that the parties entered into a contract on April 27, 1993 and the terms included that the Defendant "invest Plaintiff[s] cusip number and funds . . . to be $100,000,000 million dollars or more [on] Plaintiff['s]."

To state a claim for breach of contract under North Carolina law "there must be (1) a valid contract; and (2) breach of the terms of that contract." *Elina Adoption Servs., Inc. v. Carolina Adoption Servs., Inc.*, No. 1:07CV169, 2008 WL 4005738, at *3 (M.D.N.C. Aug. 25, 2008) (citing *Poor v. Hill*, 138 N.C. App. 19, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000)). "A valid contract exists when there is an agreement based on a meeting of the minds and sufficient consideration." *Id.* (citing *Creech ex rel. Creech v. Melnik*, 147 N.C. App. 471, 556 S.E.2d 587, 591 (N.C. Ct. App. 2001)).

In the present action, Plaintiff has neither attached a copy of the alleged contract upon which the present claim is premised nor alleged, with sufficient specificity, the essential terms of the purported contract and the respective obligations of each party thereto. His bare allegations, *to wit.*, that the Defendant would invest a sum Plaintiff "believe[s] to be $100,000,000 million dollars or more" and that he, Plaintiff, has been unaware of all transactions since the date of the contract, fail to state a plausible breach of contract claim. Such averments are not only unsupported but also fail to place the Defendant on notice of the claim(s) being made against it.

A complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Plaintiff's allegations are random,

3

nonsensical, and clearly are baseless. If any of the allegations are not construed as lacking a basis in fact or in law, they are merely legal terminology and not actionable because the claims have no factual support. Accordingly, the undersigned RECOMMENDS that Plaintiff's complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, August 2, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE