IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-507-BO

| | |
|---|---|
| DENNIS-WILLIAM IRVING, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIDELITY MANAGEMENT AND )<br>RESEARCH )<br>Defendant. )<br>_____ ) | O R D E R |

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge William A. Webb regarding frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has objected to the memorandum and recommendation (M&R), and the matter is ripe for review. For the reasons discussed below, the Court adopts the M&R and dismisses plaintiff's complaint.

## BACKGROUND

Plaintiff claims that he is seeking the return of 6.4 billion dollars, plus interest, from defendant. Plaintiff's complaint alleges a claim for breach of contract. Plaintiff is currently incarcerated, and seeks all information and funds pertaining to his CUISP (Committee on Uniform Securities Identification Procedures) fund.

## DISCUSSION

A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915( e )(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To make a frivolity determination, a

court may designate a magistrate judge "to submit . . . proposed findings of fact and recommendations" for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B).

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). De novo review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, de novo review may be dispensed with." *Id.*

The recommendation that this matter be dismissed is based upon plaintiff's complete failure to make a short and plain statement of his claims, Fed. R. Civ. P. 8(a)(2), and the resulting failure to give defendant notice of the claim plaintiff is attempting to assert against them. *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's objection to the M&R points to no specific error in Judge Webb's recommendation, but rather contends only that the "Magistrate seems to be overwhelmed with the claim for damages . . . ."

Because plaintiff has made no specific objections, the Court has reviewed the M&R for plain error and finds none. Even upon reviewing plaintiff's complaint de novo, however, the Court finds that dismissal of this action as frivolous is appropriate.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the M&R [DE 10]. Accordingly, for the reasons discussed therein, plaintiff's complaint is hereby DISMISSED in its entirety. Plaintiff's

2

remaining pending motion for discovery [DE 4] is DENIED AS MOOT.

SO ORDERED, this _17_ day of September, 2013.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3